**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x

CNA INSURANCE COMPANY LIMITED
a/s/o Choice Logistics, Inc.,

                Plaintiff,                      22 Civ.

   -against-

                                                **COMPLAINT**

COURIER EXPRESS ATLANTA, INC.,

                Defendant.
------------------------------------------------------------------------x

       Plaintiff, CNA INSURANCE COMPANY LIMITED a/s/o Choice Logistics, Inc., by its attorneys, Nicoletti Hornig & Sweeney, alleges upon information and belief, as follows:

## PARTIES

       1.    At and during all times relevant hereto, Plaintiff CNA INSURANCE COMPANY LIMITED a/s/o Choice Logistics, Inc. ("Plaintiff" or "CNA") was and now is an insurance company duly organized and existing under and by virtue of the laws of the United Kingdom, with an office and place of business located at 20 Fenchurch Street, London EC3M 3BY United Kingdom.

       2.    Pursuant to a certain insurance policy, Plaintiff CNA paid its insured, Choice Logistics, Inc. ("Insured" or "Choice Logistics"), for the loss of and/or damage to certain goods and has become subrogated to the rights of its insured. whatever those rights may be.

       3.    At and during all times relevant hereto, Defendant COURIER EXPRESS ATLANTA, INC. ("Courier Express") was and now is a corporation organized and existing under and by virtue of the laws of the state of Georgia, with a principal office and place of business at 2051 Franklin Way, Marietta, Georgia 30067.

4. At all times relevant, Defendant was engaged in the business of providing storage, handling and transportation services for various goods.

## JURISDICTION

5. This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as Plaintiff and Defendant have diversity of citizenship and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. The Defendant has consented to jurisdiction in this Court by virtue of said Defendant's agreement to a contractual choice of forum clause that requires or allows actions against it to be instituted in this Court.

7. Venue is appropriate in this District because the applicable contract contains a choice of forum clause that calls for or allows the jurisdiction of this Court

## FACTUAL BACKGROUND

8. At all relevant times, Plaintiff's insured, Choice Logistics, was engaged in the business of providing third party logistics services.

9. Sometime prior to September 7, 2021, Choice Logistics and Defendant entered into a Master Services Agreement ("MSA") which governed, among other things, Defendant providing warehousing, storage, handling and transportation services for inventory of Choice Logistics' customers, including the storage of goods at the Courier Express warehouse located at 2051 Franklin Way, Marietta, Georgia 30067 ("the Warehouse").

10. Upon information and belief, Defendant owned, operated, and/or managed the Warehouse prior to and on September 7, 2021.

11. At all relevant times and prior to September 7, 2021, Defendant expressly and/or impliedly agreed to store certain goods for Choice Logistics at the Warehouse and did in fact store Choice Logistics' goods at the Warehouse ("the goods").

12. On September 7, 2021, beginning around 11:00pm, there were overnight storms throughout Marietta, Georgia that caused the floor drains at the warehouse to back up, subsequently damaging the goods being stored on or near the floor. The rainwater backed up through the floor drains and the water level reached approximately five (5) feet high in the lowest spot in the Warehouse.

13. As a result of the flooding in the Warehouse, the goods stored on the floor and the lowest rack level in the affected areas of the Warehouse were severely damaged and/or destroyed.

14. After inspection, the goods belonging to Choice Logistics' customers that were being stored at the Warehouse were considered damaged beyond repair and unsuitable for use.

15. As a result of the flooding damage to the goods stored at the Warehouse, Choice Logistics sustained damages in excess of $119,723.46.

16. Pursuant to the terms of a certain policy of insurance issued to Choice Logistics by CNA, and because of the loss described herein, CNA was compelled to pay and did pay Choice Logistics the sum of $119,723.46 and CNA thereupon became subrogated to all the rights and remedies available to Choice Logistics by virtue of the events described herein.

17. Section 9(a) of the MSA provides that Defendant shall be liable for any loss or damage to inventory while it is within its warehouse. Pursuant to the MSA, in the event of any such loss or destruction, Defendant shall be liable for any damage to Choice Logistics' clients' inventory.

18. Section 21 of the MSA contains the following choice of law and forum selection clause:

> Choice of Law and Forum.  All matters arising out of or relating to this Agreement are governed by and construed in accordance with the internal laws of the State of New York without giving effect to any choice or conflict of law provision or rule (whether of the State of New York or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than those of the State of New York. Any legal suit, action or proceeding arising out of or relating to this Agreement shall be instituted in the federal courts of the United States of America or the courts of the State of New York in each case located in the City of New York City and County of New York County, and each Party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action or proceeding.

## FIRST CAUSE OF ACTION

19. Plaintiff repeats and re-alleges all allegations set forth in paragraphs "1" through "18" as if fully set forth herein.

20. Defendant had an obligation to properly and safely store the goods while in its care and custody, which would have required, among other things, preventing flooding into the premises and the resulting water damage to the goods, taking proper steps to prepare for the rainstorm and avoiding damage, and remediating any damage to the goods caused by the flooding.

21. Defendant breached its contractual obligations to properly maintain and store the goods without causing damage to the goods and was otherwise negligent in performing its obligations under the contract, thereby failing to deliver the goods in good order and condition.

22. As a result of Defendant's breach of its contractual obligations, the goods were damaged and rendered unsuitable for their intended use.

23. Plaintiff and its insured have performed all their obligations under any applicable storage contract.

24. As a result of Defendant's breach of its contractual obligations, Plaintiff has suffered damages in the amount of $119,723.46.

25. Therefore, Defendant is liable to Plaintiff for damages in the amount of no less than $119,723.46, plus interest and costs.

## SECOND CAUSE OF ACTION

26. Plaintiff repeats and re-alleges all allegations set forth in paragraphs "1" through "25" as if fully set forth herein.

27. Defendant had an obligation to properly and safely store the goods while in its care, custody and control, which would have required, among other things, preventing flooding into the premises and the resulting water damage to the goods, taking proper steps to prepare for the rainstorm and avoiding damage, and remediating any damage to the goods caused by the flooding.

28. Defendant breached its duty to properly maintain and store the goods without causing damage to the goods, and was otherwise negligent, thereby failing to deliver the goods in good order and condition.

29. As a result of Defendant's negligence in storing the goods while in its care, custody and control, the goods were damaged and rendered unsuitable for their intended use.

30. Due to the negligent actions and/or inaction, lack of reasonable care, recklessness, gross negligence and/or failure(s) to act on the part of Defendant, Plaintiff has suffered damages in the amount of $119,723.46, exclusive of interest or costs.

31. Therefore, Defendant is liable to Plaintiff for damages in the amount of no less than $119,723.46, plus interest and costs.

## THIRD CAUSE OF ACTION

32. Plaintiff repeats and re-alleges all allegations set forth in paragraphs "1" through "31" as if fully set forth herein.

33. Defendant, as bailee, failed to exercise care and diligence to protect the goods while in its care, custody and control.

34. In particular, Defendant failed to safely store the goods while in its care, custody and control, which would have required, among other things, preventing flooding into the premises and the resulting water damage to the goods, taking proper steps to prepare for the rainstorm and avoiding damage, and remediating any damage to the goods caused by the flooding.

35. Defendant received the goods in good order and condition and delivered the shipment in bad order and condition due to its failure to preven flooding into the premises and resulting water damage to the goods while in its care, custody and control.

36. Due to this breach of bailment, Plaintiff has suffered damages in the amount of $119,723.46, exclusive of interest or costs.

37. Therefore, Defendant is liable to Plaintiff for damages in the amount of no less than $119,723.46, plus interest and costs.

## FOURTH CAUSE OF ACTION

38. Plaintiff repeats and re-alleges all allegations set forth in paragraphs "1" through "37" as if fully set forth herein.

39. This cause of action arises under the New York Uniform Commercial Code §7-204, which imposes liability on a warehouse for losses relating to goods in storage.

40. At all relevant times, Defendant was a "warehouseman" within the meaning of the New York Uniform Commercial Code in that it was engaged in the business of storing goods.

41. For agreed consideration of storage fees and charges, Defendant agreed to safely store the goods at its Warehouse.

42. While the goods were in Defendant's care, custody and control, the goods sustained extensive damage. As a consequence thereof, Defendant failed to deliver the cargo in good order and condition.

43. Defendant failed to exercise due care with regard to the goods that a reasonably careful person or entity would have exercised under similar circumstances.

44. As a proximate result of Defendant's failure to exercise due care and safely store the goods, the goods sustained damage and loss and could not be distributed, sold or used as intended.

45. Therefore, Defendant is liable to Plaintiff for damages in the amount of no less than $119,723.46, plus interest and costs.

**WHEREFORE**, Plaintiff CNA INSURANCE COMPANY LIMITED a/s/o Choice Logistics, Inc. prays:

a) That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

b) That Judgment may be entered in favor of Plaintiff against Defendant on the First, Second, Third and Fourth Causes of Action for the amount of Plaintiff's damages together with interest, costs and the disbursements of this action;

c) That this Court will grant Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
December 14, 2022

                                                NICOLETTI HORNIG & SWEENEY
                                                *Attorneys for Plaintiff*

                                                 */s/ Val Wamser*
By: _____
                                                Val Wamser, Esq.
                                                Wall Street Plaza
                                                88 Pine Street, 7th Floor
                                                New York, New York 10005
                                                (212) 220-3830
                                                vwamser@nicolettihornig.com